UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED M. VILLERY,<br><br>    Plaintiff,<br><br>        vs.<br><br>N. GRANNIS, Chief Inmate<br>Appeals, *et al.*,<br><br>    Defendants. | Case No. 1:10-cv-01022-RRB<br><br><br>**SCREENING ORDER** |

Jared M. Villery, a California State prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against various officials and employees of the California Department of Corrections and Rehabilitation ("CDCR").[1] Villery's claim arose during his incarceration at the Kern Valley State Prison ("KVSP").

**1.   SCREENING REQUIREMENTS**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer

---

[1]   Villery has named twenty-seven individuals, including the Warden, Deputy Wardens, Associate Wardens, Captains, Lieutenants, Sergeants, Counselors, Classification Representatives, Correctional Officers, a Clinical Social Worker, and an Ombudswoman, as well as sixteen Does.

or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it

---

[2]   28 U.S.C. § 1915A(a).

[3]   28 U.S.C. § 1915(e)(2)(B).

[4]   Fed. R. Civ. P. 8(a)(2).

[5]   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[6]

Section 1983 suits do not support vicarious liability, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or her rights.[7]  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[8]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9]  Further, although a court must accept as true all factual allegations contained in a complaint, a court

---

[6]     *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[7]     *Iqbal*, 556 U.S. at 677; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of ... subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[8]     *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[9]     *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

need not accept a plaintiff's legal conclusions as true.[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]

## II.  GRAVAMEN OF COMPLAINT

Reduced to its essence, the gravamen of Villery's complaint is that, as an individual of mixed race (creole (African-American and French) and Caucasian), he was improperly classified as white; the defendants, individually and collectively, refused or failed to properly classify him as black; and, as a result, on August 3, 2007, while crossing the yard Villery was attacked by two white inmates, stabbed in the back and repeatedly kicked and punched.[12] At the time of the attack, due to multiple incidents between black and Hispanic inmates, only white inmates were allowed yard activities on that date, and, because he was classified as white, Villery received no escort while crossing the yard.  Also, prior to the attack on Villery, there had been three incidents of violence at KVSP as a direct result of inmates classified as white by CDCR, but were claiming to be or associating with black inmates.

---

[10]  *Id.*

[11]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

[12]  Villery recites in substantial detail his efforts to get his race reclassified starting in March 2006.

SCREENING ORDER
*Villery v. Grannis, et al.*, 1:10-cv-01022-RRB - 4

## III. DISCUSSION

First, to the extent that the defendants, or any of them, were acting in their official capacity, the claims are treated as against the state barred by the defense of sovereign immunity under the Eleventh Amendment, incognizable under § 1983.[13] Thus, in analyzing Villery's claims, the first step is to ascertain whether or not the action constituted an act taken in the defendant's official or individual capacity. To state a claim under § 1983 against state officials, a plaintiff must "show that the official, acting under color of law, caused the deprivation of a federal right."[14] In reviewing the allegations of the Complaint, it is questionable whether some of the following Defendants were acting in their individual capacity as opposed to their official capacity.

Second, to impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[15] That is, the official must "implement a policy so deficient that the policy itself is a repudiation of

---

[13]     *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[14]     *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (*quoting Graham*, 473 U.S. at 166 (internal quotation marks omitted).

[15]     *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

constitutional rights and is the moving force of the constitutional

violation."[16]

> A person deprives another "of a constitutional
> right, within the meaning of section 1983, if he does an
> affirmative act, participates in another's affirmative
> acts, or omits to perform an act which he is legally
> required to do that *causes* the deprivation of which [the
> plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740,
> 743 (9th Cir.1978) ( *Johnson* ) (emphasis added).  The
> inquiry into causation must be individualized and focus
> on the duties and responsibilities of each individual
> defendant whose acts or omissions are alleged to have
> caused a constitutional deprivation.   [Citations
> omitted.][17]

To state a Eighth Amendment claim, Villery must plead that the

defendants knew of and disregarded a substantial risk to his

safety.[18] In this case, the necessary causal connection must be

between Villery's classification as a white and his injury that

occurred on August 3, 2007, when he was permitted to cross the yard

unescorted during a time of interracial strife.[19] "[P]rison

---

[16]    *Id.* (internal quotation marks and citations omitted).

[17]    *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (*quoted
with approval in Tennison v. City and County of San Francisco*, 570
F.3d 1078, 1096 (9th Cir. 2009)).

[18]    *See Farmer,* 511 U.S. at 847 (a prison official violates
the Eighth Amendment prohibition against inhumane conditions of
confinement only if he or she knows of a substantial risk of
serious harm to an inmate and fails to take reasonable measures to
avoid the harm); *Berg v. Kincheloe,* 794 F.2d 457, 460 (9th
Cir.1986) (prison officials liable under § 1983 if they act with
deliberate indifference to the prisoner's plight).

[19]    For the purpose of this analysis the Court assumes, but
(continued...)

officials have a duty to keep inmates safe, and in particular to protect them from each other."[20] In this case, accepting Villery's allegations as true as this Court must, the guard(s) or official(s) otherwise liable is(are) not entitled to qualified immunity because, at the time of the attack in issue the law was clearly established that while the official must have "more than a mere suspicion that an attack will occur," the deliberate indifference standard "does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps necessary to prevent such an assault."[21] Here the existence of race-related incidents clearly created more than a mere suspicion that on August 3, 2007, a lone person of mixed race crossing the yard at a time when it was solely occupied by white inmates incurred a substantial risk of attack.

---

[1](...continued) does not decide, that the attack on Villery occurred because of his biracial appearance.  The Court further assumes, but does not decide, that had Villery been classified as "black" he would have been provided a guard escort across the yard.

[20]    *Norwood v. Vance*, 591 F.3d 1062, 1069 (9th Cir. 2010) (citing *Farmer*, 511 U.S. at 832–33).

[21]    *Berg*, 794 F.2d at 459 (citations and internal quotation marks omitted) (*quoted with approval in Neely v. Feinstein*, 50 F.3d 1502, (9th Cir. 1995) (*disapproved on another ground by L.W. v. Grubbs*, 92 F.3d 894, 897 (9th Cir. 1996)).

Initially, this Court notes that the first hurdle that Villery fails to surmount is establishing that: (1) the defendants involved in processing his various internal grievances as alleged in ¶¶ 42 through 78, inclusive, or any of them, had the authority to change Villery's classification;[22] (2) those grievances were incorrectly decided, i.e., he was legally entitled to be classified as black on the facts presented; or (3) even if incorrectly decided, those actions were the proximate cause of his injury, i.e., played a substantial part in bringing about or actually causing the injury that Villery in fact suffered.[23] The only causal connection is that, had any of those "grievances" been decided in Villery's favor and his racial classification changed, the meeting on August 3 would have been unnecessary. That causal connection, standing alone, is simply too tenuous to constitute proximate cause.

The second problem that this Court faces is that, even assuming that Villery's racial classification was incorrect,[24] it cannot be ascertained from the allegations of the complaint which

---

[22]    The Court further notes that, to the extent Villery is attacking disciplinary actions taken against him, ¶¶ 46, 47, 50, and 52, that is properly the subject of a habeas petition, not a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[23]    *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

[24]    Villery is cautioned that he must bear the burden of establishing that he was improperly classified as white.

defendant(s) was(were) responsible for Villery's classification. On the other hand, accepting as true Villery's allegations concerning his biracial appearance, coupled with the existing interracial strife, Villery has clearly raised a triable issue of fact as to whether the person (or persons) responsible for allowing Villery to transit the yard unescorted on August 3, 2007, were acting with deliberate disregard for his safety, i.e., there was more than a mere suspicion that an attack would occur. Based upon the Complaint as presently constituted, the Court is unable to determine which of the named dependants, if any, may be liable, i.e., responsible for ensuring Villery's safety on that date.

**IV.   ORDER**

   **IT IS THEREFORE ORDERED** that the Complaint on file herein is **DISMISSED** without prejudice.

   **IT IS FURTHER ORDERED** that Plaintiff is granted until **May 15, 2013**, within which to file an Amended Complaint, consistent with Part III, above.

   **IT IS FURTHER ORDERED** that in filing his Amended Complaint, Plaintiff is directed to attach thereto copies of all documents evidencing the actions taken by the Defendants.

   **IT IS FURTHER ORDERED** that if Plaintiff fails to file a First Amended Complaint with the time specified, or such addition time as

the Court may grant, the Clerk of the Court is directed to enter a judgment of dismissal of this action, with prejudice, that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 10th day of April, 2013.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE