UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JARED M. VILLERY,

Plaintiff,

vs.

N. GRANNIS, Chief Inmate Appeals, *et al.*,

Defendants.

Case No. 1:10-cv-01022-RRB

**ORDER [Re: Motion at Docket 13] and DISMISSING COMPLAINT**

At Docket 13 Jared M. Villery, a California State prisoner appearing *pro se* and *in forma pauperis*, filed a Motion to Alter, Amend, or Reconsider the Second Screening Order. At Docket 12 Villery filed a Notice of Intent to Stand on the First Amended Complaint. Villery brought this action under 42 U.S.C. § 1983 against various officials and employees of the California Department of Corrections and Rehabilitation ("CDCR").[1] Villery's claim arose during his incarceration at the Kern Valley State Prison ("KVSP"). On July 2, 2013, this Court entered a Screening Order dismissing the First Amended Complaint with leave to amend consistent with that Order.[2]

---

[1] Villery has named twenty-seven individuals, including the Warden, Deputy Wardens, Associate Wardens, Captains, Lieutenants, Sergeants, Counselors, Classification Representatives, Correctional Officers, a Clinical Social Worker, and an Ombudswoman, as well as sixteen Does.

[2] Dkt 11.

## I. APPLICABLE STANDARD

Federal Rule Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders. If the court enters an interlocutory order without entering a final judgment, e.g., an order dismissing the complaint with leave to amend but no final judgment is entered under Federal Rule Civil Procedure 54, Rule 59 does not apply.[3] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[4] That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[5] Villery's motion stands on the first ground, i.e., that the decision is clearly erroneous.

## II. DISCUSSION

Villery argues that this Court in its Second Screening Order misapprehended the entire foundation of his claim, which, in turn, led the court to apply an incorrect standard.

---

[3] *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). For entry of a partial judgment *see* FED. R. CIV. P. 54(b); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIV., §2715 (3d ed.).

[4] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

[5] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Villery's argues that this Court's summarization omitted Villery's allegations the Court accepts as true) that he was threatened as a result of his mis-classification and, because the Defendants knew of these threats, he is entitled to relief. The Court disagrees. What Villery overlooks is twofold. First, other than the August 3 attack, Villery did not identify any specific incidence of threat to his safety; indeed, Villery acknowledged that he had not experienced any problems or threats prior to the August 3 attack. In short, other than his subjective fears, Villery presented prison officials with no credible, objective evidence that he was in any serious danger as result of his classification as a white.

Second, as made clear in the Second Screening Order, until the attack on August 3, 2007, Villery had suffered no physical injury, the *sine qua non* of a federal civil rights action under 42 U.S.C. § 1983.[6] This Court gave Villery the opportunity to further amend his complaint to restate that claim against the appropriate prison officials responsible for Villery's safety during his transit from his meeting with the ombudsman.[7] By filing his Notice of Intent to Stand on His First Amended Complaint, Villery has declined that invitation.

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists could conclude

---

[6] 42 U.S.C. 1997e(e); *see Oliver v. Keller*, 289 F.3d 623, 626–27 (9th Cir. 2002).

[7] Because Villery made no attempt to identify those individuals in his First Amended Complaint, this Court is unable to identify any prison official sufficient to direct service.

the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any appeal would be frivolous or taken in bad faith.[8]

## III.  ORDER

**IT IS THEREFORE ORDERED THAT** the Motion to Alter, Amend, or Reconsider the Second Screening Order at Docket 12 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the First Amended Complaint is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED THAT** Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 12th day of August, 2013

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[8]  28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).